# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. ROBERT BLANTON, JR.

**Circuit Court for Montgomery County**
**No. 35900, 37857A**

---

**No. M2000-01899-CCA-R3-CD - Filed August 28, 2001**

---

### ORDER

The defendant, Robert Blanton, Jr., was indicted by the Montgomery County Grand Jury on June 6, 1995, on one count of sale of marijuana and one count of delivery of marijuana, both Class E felonies. The defendant pled guilty to the indictment, and the trial court sentenced the defendant to probation. An affidavit of violation of probation was filed on April 17, 1996, and amended on September 6, 1996.

The defendant was then indicted by the Montgomery County Grand Jury on October 7, 1996, on a charge of aggravated burglary. On May 29, 1997, the defendant pled guilty to the aggravated burglary charge, was sentenced to two (2) years community corrections for violation of probation on the prior drug convictions, and was sentenced to five (5) years community corrections for the aggravated burglary conviction, consecutive to one another, for an effective seven years in community corrections. The defendant also signed a behavior contract, which set out the terms and conditions of his community corrections.

On February 17, 2000, an affidavit of violation of a court ordered sentence and a warrant was issued against the defendant, charging him with violating his community corrections sentence. A community corrections violation hearing was held on April 27, 2000. At the hearing, the defendant's community corrections case manager testified that although the defendant performed well in the first twelve months of his corrections program, from January of 1999 until he received a DUI in January of 2000, he repeatedly violated his community corrections sentence. The defendant also testified at the hearing and admitted that he violated the terms of his sentence.

The trial court found that the defendant violated the terms of his community corrections sentence by:
(1) Failing to report as directed;
(2) Failing to remain intoxicant free;
(3) Failing to report an arrest for DUI;
(4) Failing to abide by the proposed curfew;

(5) Failing to pay court costs and fees;
(6) Failing to perform public service work; and
(7) Failing to make progress in his group counseling.

Upon finding the defendant in violation of his community corrections sentence, the trial court ordered the defendant to serve the remainder of his original sentence in confinement.

A community corrections revocation is reviewed under an abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If a trial court finds, by a preponderance of the evidence, that the defendant violated the terms of his community corrections sentence, it may revoke the defendant's sentence. Tenn. Code Ann. § 40-35-311(b)-(e). This decision by the trial court will not be reversed if substantial evidence supports the trial court's finding. Harkins, 811 S.W.2d at 82.

On appeal, the defendant contends that although he admittedly violated several terms of his community corrections sentence, the trial court should have sentenced him to another sentencing alternative and not incarceration. However, a trial court is not required to reconsider the principles of sentencing after finding that a defendant violated the terms of a community corrections sentence. See, e.g., State v. McLemore, No. 03C01-9709-CC-00406, 1998 WL 422339 (Tenn. Crim. App., filed July 28, 1998, at Knoxville). We find no merit in the defendant's contention and hold that the record clearly supports the trial court's actions.

Accordingly, the judgment of the trial court is affirmed in accordance with Tennessee Court of Criminal Procedure Rule 20. It appearing that the defendant is indigent, costs will be paid by the State of Tennessee.

_____
JOHN EVERETT WILLIAMS, JUDGE

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOSEPH M. TIPTON, JUDGE

-2-